**PAGING, INC., Petitioner,**

v.

**BOARD OF ZONING APPEALS FOR the COUNTY OF MONTGOMERY and Montgomery County, Respondents.**

**Civil Action No. 96–0317–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 15, 1997.

Marcus Harding Long, Jr., Long, Long & Tillar, Blacksburg, VA, for Paging, Inc.

Robert Frank Rider, Rider, Thomas, Cleaveland, Ferris & Eakin, P.C., Roanoke, VA, for Board of Zoning Appeals for County of Montgomery, Montgomery County.

## MEMORANDUM OPINION

KISER, Chief Judge.

Before me is respondents' Motion for Abstention. The parties have fully briefed the issues involved and have presented oral argument. The motion is therefore ripe for disposition. For the reasons contained herein, I am of the opinion that respondents' motion should be DENIED.

## FACTUAL BACKGROUND:

This case concerns the siting of a radio common carrier relay tower in Montgomery County, Virginia. Petitioner Paging, Inc. ("Paging") is incorporated as a public service corporation whose purpose is to build and operate radio common carrier stations. Defendant Board of Zoning Appeals for the County of Montgomery ("BZA") regulates the use of, erection, and maintenance of structures located on property within Montgomery County.

On November 3, 1995, Paging applied to the Zoning Administrator for Montgomery County, Jeff Scott, for a building permit to construct a 140–foot communications relay tower on property leased by Paging. The relay tower would provide for personal wireless telecommunications services. The permit was denied. On December 5, 1995, Paging appealed the decision to the BZA, and on January 4, 1996, the BZA denied the permit request.

Respondents denied the permit pursuant to the Montgomery County Zoning Ordinance, which they interpreted as allowing only "public utilities," to build the type of structure contemplated by Paging. It found that Paging was not a "public utility." Paging claims respondents have previously granted permission to other wireless service providers, and that functionally equivalent relay facilities are already located at the site. Paging maintains that it is in fact a "public utility."

In denying the request, the BZA concluded that the tower required a Special Use Permit. In deposition, Mr. Tunstall Powers, Jr., Planning Director of Montgomery County, indicated that the Montgomery County zoning ordinance permits "public utilities" to place towers on land zoned A–1 without applying for a Special Use Permit. Paging has not sought to obtain a Special Use Permit.

On January 29, 1996, Paging filed suit in the Circuit Court of Montgomery County seeking review of the BZA decision. That case is currently pending. On April 2, 1996, Paging filed suit in this Court alleging that the ordinance contravenes the federal Telecommunications Act of 1996, is unconstitu-

tional on its face as an unreasonable burden on interstate commerce, is impermissibly vague and overbroad, deprives petitioner of equal protection, and interferes with petitioner's property rights.

Respondents request this Court to abstain from exercising jurisdiction pursuant to the doctrine announced in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and dismiss the suit without prejudice. Respondents base their motion on the grounds that (1) petitioner's claims arise solely out of state or local zoning or land use law; (2) the exercise of federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern; and (3) state adjudication may avoid the necessity of a decision on the federal constitutional question as well as avoid friction in federal/state relations over the administration of purely state affairs.[1]

## DISCUSSION:

### I. Burford Abstention

*Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) involved a dispute over the apportionment of oil drilling rights in Texas. The plaintiff sought an injunction against an order of a state official depriving it of certain drilling rights. No real issues of federal law were implicated and the basis of jurisdiction was diversity. The Texas legislature had provided that all cases involving drilling rights were to be handled by one state court in order to prevent inconsistencies and confusion. The Supreme Court held that the federal court should defer to the state court. Important state regulatory issues were implicated and state courts were part of the regulatory process. Intervention by the federal court threatened the success of state policies. Accordingly, the federal court was required to abstain out of considerations of comity and respect for a paramount state interest.

Respondents argue that all of petitioner's claims "raise legitimate questions involving municipal zoning ordinances, the correct construction of local land use law as to special use permits, and the delineation of the proper scope and exercise of local administrative discretion." Further, respondents argue that Virginia has established a complex regulatory scheme which includes several levels of state review of zoning decisions, among them, appeal to the Circuit Court of Montgomery County. Finally, respondents argue that petitioners have not yet been denied the right to construct a communications tower, but, rather, must apply for a Special Use Permit. Respondents have thus characterized this case as essentially a local matter concerning the definition of "public utility" under the zoning ordinance. I disagree with this characterization and, as discussed below, find significant federal issues concerning the interplay of the Telecommunications Act of 1996 and the local zoning ordinance.

### II. Telecommunications Act of 1996

Congress passed the Telecommunications Act of 1996 ("the Act") in order to provide a "procompetitive, deregulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening all telecommunications markets to competition ..." A & P S.Rep. 104–230. Section 704 of the Act addresses limitations on the authority of local zoning boards:

(a)(7) PRESERVATION OF LOCAL ZONING AUTHORITY.—

(A) GENERAL AUTHORITY.—Except as provided in this paragraph, nothing in this Act shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.

(B) LIMITATIONS.—

(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof—

---

1. Respondents, in addition, argue that petitioner failed to file suit in federal court within the thirty-day period specified in section 704(a)(7)(B)(v) of the Act. I do not address this argument here as it is more appropriately heard on a motion for summary judgment.

**808**

(I) **shall not unreasonably discriminate among providers of functionally equivalent services;** and

(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

Emphasis added.

█ Thus, in passing the Act, Congress has explicitly held that under limited circumstances the federal interest in wireless communications takes priority over state zoning authority. Specifically, when a state or local government treats "functionally equivalent" providers differently, and does so "unreasonably," the Act steps in to preempt the state or local action.

### III. "Public Utilities" vs. Other Providers of Communication Services

█ Respondents characterize this action as one which primarily concerns the purely local question of whether Paging, Inc. qualifies as a "public utility" as defined in the zoning ordinance and argue that the state court is better qualified to resolve this issue. Were this the only question to be resolved, abstention would indeed be appropriate. However, at issue is whether the local board may divide the universe of "functionally equivalent" wireless communications providers into two categories, public utilities and all others, and treat one differently from the other. A public utility under the zoning ordinance may, by right, construct, *inter alia*, "generating booster or relay stations, transfer substations, transmission lines and **towers**" on land zoned A–1. Emphasis added.

On the other hand, a wireless communications service provider, providing an identical or "functionally equivalent" service, but which does not fall into the definition of "public utility," would have to apply for a Special Use Permit. This discrimination among providers is arguably prohibited by section 704 of the Act, and, as such, implicates an important federal interest. The presence of this federal question and its centrality to petitioner's case make *Burford* abstention inappropriate. Abstaining here would be to ignore the local government's potential violation of the Act in setting up a distinction between public utilities and other providers, both of which may provide functionally equivalent services.

## CONCLUSION

For the foregoing reasons, respondents' motion to abstain is DENIED.

An appropriate order shall issue.