**CELLCO PARTNERSHIP, d/b/a/ Bell Atlantic Mobile, Inc., Plaintiff,**

v.

**TOWN PLAN AND ZONING COMMISSION OF the TOWN OF FARMINGTON, Defendant.**

No. 3:97 CV 2155 (GLG).

United States District Court,
D. Connecticut.

April 13, 1998.

---

180

Kenneth C. Baldwin, Robert J. Sitkowski, Robinson & Cole L.L.P., Hartford, CT, for Plaintiff.

Steven E. Byrne, Byrne & Byrne, Farmington, CT, for Defendant.

*OPINION*

GOETTEL, District Judge.

Pursuant to Federal Rule of Civil Procedure 56, both parties move for summary judgment on all counts of plaintiff's second amended complaint. For the reasons discussed below, plaintiff's motion (**Document # 17**) is GRANTED in part and DENIED in part and defendant's motion (**Document # 20–2**) is GRANTED in part and DENIED in part.

*BACKGROUND*

Plaintiff, Cellco Partnership, d/b/a Bell Atlantic Mobile, Inc. ("Cellco"),[1] which is a personal wireless service provider, has been authorized by the Federal Communications Commission to provide cellular telephone service to the "Hartford, Connecticut New England County Metropolitan Area," including the Town of Farmington. Cellco commenced this action after defendant, Town Plan and Zoning Commission of the Town of Farmington ("Commission"), denied its application for a special permit to reconstruct a church steeple and install a cellular telecommunications facility within the steeple.

In an attempt to fill existing gaps in the coverage of its personal wireless services along Routes 4 and 177 in the Unionville section of Farmington, Cellco searched the area for an appropriate site on which to place a cellular telecommunications facility. Subsequently, Cellco entered into a lease agreement with the First Church of Christ of Farmington, Inc. ("Church"), located at Two School Street, Unionville, Connecticut. In the 1950's, the Church had removed the original steeple due to safety concerns. As part of the current lease agreement, Cellco proposed reconstructing the steeple, to a height of approximately 135 feet, and installing six cellular telecommunications antennas inside the steeple. Cellco would also place cellular telephone equipment in a 300 square-foot room in the church basement.

Before installing its communications facility on the Church, Cellco was required to obtain a special permit from the Commission pursuant to Article 2, Section 3 of Farmington's Zoning Regulations because the Church is in an R–12 residential zoning district. Accordingly, Cellco submitted an application for a special permit and site plan approval to the Commission on June 20, 1997. The Commission held a public hearing on July 28, 1997 to consider Cellco's application, and voted to deny the application at a Commission meeting held on September 8, 1997. On September 10, 1997, the Commission notified Cellco in a letter that its application had been denied. Cellco then commenced this action on October 8, 1997.

Cellco now moves for summary judgment claiming that the Commission's denial of its application for a special permit violated the Telecommunications Act of 1996, Pub.L. No. 104–104, § 704(a), 1996 U.S.C.C.A.N. (110 Stat. 61) 10 ("Act" or "Telecommunications Act") (Counts One–Three). Cellco further alleges that the Commission's denial was arbitrary and capricious under Connecticut state law (Count Four). Finally, Cellco argues that it was deprived of its federally guaranteed rights as protected by 42 U.S.C. § 1983 (Count Five).

*DISCUSSION*

A court may grant summary judgment only if it determines that there is no genuine issue of material fact based on a review of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). When ruling on a summary judgment motion, a court must construe the facts in a light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushi-*

---

1. According to plaintiff, when it submitted its application for a special permit, it did so under the company name "Cellco Partnership d/b/a Bell Atlantic NYNEX Mobile, Inc." Subsequently, Bell Atlantic Corporation and NYNEX Corporation completed the merger of their respective telecommunications interests, and the mobile entity is now known as "Bell Atlantic Mobile, Inc."

ta Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If there is no genuine issue of material fact, the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this case, we find that summary judgment is appropriate on all counts because there are no material facts in dispute.

## I.  TELECOMMUNICATIONS ACT

■ Congress passed the Telecommunications Act in an effort to increase competition in the telecommunications industry by placing certain limitations on local zoning boards' regulation of the placement, construction, and modification of personal wireless service facilities. 47 U.S.C. § 332(c)(7)(B); see, e.g., Smart SMR of New York, Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 326, 704 A.2d 1271, 1280 (1998); Sprint Spectrum L.P. v. Willoth, 996 F.Supp. 253, 255–56 (W.D.N.Y. 1998). Additionally, in cases brought under the Act, the government agency that denied a siting request bears the burden of proof. Sprint Spectrum L.P. v. Town of Easton, 982 F.Supp. 47, 49 (D.Mass.1997) (quoting United States Cellular Corp. v. Board of Adjustment of Des Moines, LACL No. CL 00070195, slip op., at 5 (Iowa Dist. Ct. Polk County Jan. 2, 1997)).

Cellco asserts that the Commission's denial of its petition for a special case permit violated several provisions of the Telecommunications Act. Specifically, Cellco contends that the Commission's denial: (a) was not supported by substantial evidence contained in a written record (Count One); (b) prohibited or had the effect of prohibiting the provision of Cellco's personal wireless services (Count Two); and (c) unreasonably discriminated against Cellco in favor of providers of functionally equivalent services (Count Three).

### A.  Substantial Evidence in a Written Record

■ Count One of the second amended complaint alleges violation of the Telecommunications Act for the Commission's failure to set forth its reasons for the denial of Cellco's application in a written decision supported by substantial evidence contained in a written record. 47 U.S.C. § 332(c)(7)(B)(iii). According to the substantial evidence standard, which is the traditional means of reviewing agency actions, this Court must consider whether the Commission's written decision is supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " BellSouth Mobility Inc. v. Gwinnett County, 944 F.Supp. 923, 928 (N.D.Ga.1996) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951)). While a district court generally defers to a zoning board's decision by not substituting its judgment for that of the board, "it must overturn the board's decision under the substantial evidence test if it 'cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view.' " Id. (quoting Bickerstaff Clay Products Co., Inc. v. N.L.R.B., 871 F.2d 980, 984 (11th Cir.), cert. denied, 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989)).

In a letter dated September 10, 1997, the Commission informed Cellco that its application had been denied. Return of Record, Item I. In its entirety, the letter provides:

> At a meeting of the Town Plan and Zoning Commission on September 8, 1997 it was voted to deny Bell Atlantic NYNEX Mobile, Inc. special permit to locate communication facility within reconstructed church steeple at 2 School Street. **Members found that the height and scale of the proposed steeple would not be in character with the neighborhood. Members noted that the proposed steeple was significantly taller than the church's former steeple.**

Id. (emphasis added). This letter constitutes the Commission's written decision to which we apply the substantial evidence standard.

■ After reviewing the written record, this Court finds that the Commission's conclusion—that the proposed steeple would be out of character with the surrounding neighborhood due to its height—is not supported by substantial evidence. At a public hearing

held on July 28, 1997, Cellco's regulatory manager, Sandy Carter, presented evidence on the issue of whether the proposed steeple's height would conform to the neighborhood's character. *See* Return of Record, Item F, at 1, 8, 12–13. Cellco's application for a special permit and site plan approval dated June 20, 1997 contained similar statements. *See* Return of Record, Item A. Carter explained that the Church removed the original steeple, which was approximately 100 feet tall, in the 1950's because it was damaged and structurally unsafe. Return of Record, Item F, at 2. She stated that Cellco proposed reconstructing the steeple to a height of 135 feet and installing a cellular telecommunications facility within the steeple. She noted that Cellco would place six antennas at the 100 foot level of the steeple and would add an additional 35 feet to complete the spire's taper. *Id.* at 1–3. When describing the height of other buildings in the Church's neighborhood near the intersection of Routes 4 and 167, Carter stated, "there are a number of commercial and retail uses at this intersection and the neighborhood at various heights and elevations. We feel that the church will blend in with the other uses and building [sic] ... and it will be in harmony and conformance with other uses in the area." *Id.* at 3. At this point in the hearing, Carter reviewed pictures of the proposed site with the Commission and noted that the "heights of the buildings that are near the church vary as well as the hilly areas, the trees, the cemetery and then across the street being a firehouse and other town owned facilities." *Id.* She then directed the Commission to observe "the various heights and the various buffers and tree lines and elevations that are in this general area." *Id.* at 4.

After Carter concluded her presentation, the Commission's members asked several questions on the proposed steeple's height. Member Brenneman asked about the height of the original steeple in comparison to that of the proposed steeple. Douglas Roberts, an architect who was hired by Cellco to design the proposed steeple, confirmed that the proposed steeple would be 35 feet taller than the original steeple. Member Banta noted that this additional 35 feet would be purely aesthetic and would complete the spire. *Id.* at 6. Alternate Member Wadsworth asked about the height of surrounding structures, including adjacent buildings and the firehouse. Carter replied that Cellco had not taken measurements, but instead had relied on photographs to determine how the proposed steeple's height would blend in with the heights of nearby structures and the various elevations in the area leading from the Church site up a hill to a local cemetery. *Id.* at 8. There was no evidence presented at the hearing to refute Cellco's position that the proposed steeple's height would enhance the area near the Church.

In addition to the July 28 public hearing transcript and Cellco's application, Farmington's Zoning Regulations provide evidence on the standards and regulations relevant to special permit applications for telecommunications facilities. Pursuant to Article II, Section 3(B)(1), churches and communication facilities are uses allowed only by special permit in an R–12 zone. Farmington Zoning Regulations, Return of Record, Item K, at 20. Accordingly, Cellco applied for a special permit and followed the procedures set forth in Article IV, Section 12(C). *Id.* at 110–11. While structures in an R–12 zone are generally subject to maximum height regulations set forth in Article III, Section 6, Cellco's proposed use—the reconstruction of a church steeple—falls within an exception set forth in the definitions section of the Zoning Regulations. According to the definition of "BUILDING, HEIGHT OF," "[c]himneys, spires, masts, elevator penthouses, tanks and similar projections shall not be included in the height provided that any such projections shall not have an aggregate area greater than 25 percent of the roof area." *Id.* Article I, Section 9, at 5–6. Cellco provided evidence that the aggregate area of the proposed spire was approximately 2% of the Church's roof area. Roberts Aff. ¶ 5, Pl.'s Mem. in Supp. of Mot. for Summ. J., Attachment B. Defendant does not dispute that Cellco met this specific requirement.

Instead, defendant argues that its denial was based on general criteria it was entitled to consider pursuant to Article IV, Section 12(B), including how a proposed use would be

in general harmony with the character of the surrounding neighborhood. *See* Farmington Zoning Regulations, Return of Record, Item K, at 109. Thus, in its written decision dated September 10, 1997 denying Cellco's application, the Commission stated that its members found that the proposed steeple's height would be out of character with the neighborhood. Return of Record, Item I.

Contrary to the Commission's bald assertions, the September 10 decision fails the substantial evidence test. First, as discussed above, the written record does not contain any substantial evidence to support the Commission's conclusion. The only evidence established by the Commission during the July 28 public hearing was in the form of questions by its members. For example, Member Wadsworth questioned whether Cellco had "done a drawing that shows how [the proposed steeple] would look in relation to the neighborhood, with other structures or topography." Return of Record, Item F, at 9. Despite Cellco's negative reply, the Commission never asked Cellco to provide something similar to an elevation drawing or rendering. Moreover, the collective questions posed by the Commission's individual members do not indicate what the Commission's general stance was on whether the proposed steeple's height would conform to the neighborhood. There is no other substantial evidence supporting the Commission's decision. Instead, when viewing the written record as a whole, this Court finds that the only evidence on this issue is opposed to the Commission's conclusion.

■ Second, even if the Commission was entitled to rely on its knowledge of local conditions, it was required to specify, these considerations in its written decision in order to satisfy the substantial evidence standard. The substantial evidence standard "requires governing bodies to produce a written decision, detailing the reasons for the decision and the evidence that led to the decision...." *Virginia Metronet, Inc. v. Board of Supervisors of James City County*, 984 F.Supp. 966, 972 (E.D.Va.1998); *see Smart SMR of New York, Inc. v. Zoning Comm'n of Stratford*, 995 F.Supp. 52, 55–57 (D.Conn. 1998) (overturning a zoning board's decision because the written decision did not contain reasons for the board's conclusion). Here, the September 10 decision does not detail the Commission's rationale for the Commission's conclusion. Additionally, the Commission did not tie its conclusion to evidence in the record nor did it provide findings of fact to support its conclusion. For example, it did not provide evidence of the height of protrusions, if any, from other buildings in the neighborhood, including the height of other church steeples. Moreover, the Commission cannot rely on the fact that the proposed steeple would be taller than the original steeple as substantial evidence that the proposed steeple would be out of character with the neighborhood because evidence on the relative heights of the original and proposed steeples alone does not contribute to determining if the proposed steeple would be in general harmony with the neighborhood.

Consequently, this Court finds that the Commission violated 47 U.S.C. § 332(c)(7)(B)(iii) because its decision denying Cellco's application for a special permit was not supported by substantial evidence contained in a written record and did not provide reasons or evidence to support its conclusion. Thus, we grant Cellco's summary judgment motion and we deny the Commission's summary judgment motion on Count One.

### B. Prohibiting or Having the Effect of Prohibiting the Provision of Personal Wireless Services

■ In Count Two of the second amended complaint, Cellco argues that the Commission violated section 332(c)(7)(B)(i)(II) because the denial of its application had the effect of prohibiting Cellco from providing personal wireless services in the Unionville section of Farmington. A zoning commission, however, does not violate the Telecommunications Act solely because it denied a personal wireless service provider's application for a special permit, even though it had granted a permit in favor of the provider's competitor. *Smart SMR*, 995 F.Supp. at 57–58. Instead, a zoning commission violates section 332(c)(7)(B)(i)(II) only if it has a general ban or policy that prohibits or has the effect

of prohibiting the provision of personal wireless services. *AT&T Wireless PCS, Inc. v. City Council of City of Virginia Beach*, 979 F.Supp. 416, 427 (E.D.Va.1997); *see AT & T Wireless Servs. of Florida, Inc. v. Orange County*, 982 F.Supp. 856, 860 (M.D.Fla.1997) (denying relief to a wireless service provider under section 332(c)(7)(B)(i)(II) because there was no evidence that the city council had a general bias against a communications tower in a residential area); *Western PCS II Corp. v. Extraterritorial Zoning Auth. of City and County of Santa Fe*, 957 F.Supp. 1230, 1237–38 (D.N.M.1997) (finding that a zoning commission's decision had the effect of prohibiting service because the denial meant that no digital provider would compete with the analog service providers, thereby inhibiting the provision of the new digital technology in the Hondo Hills area).

■ In this case, Cellco does no more than allege that the Commission denied its application.[2] A zoning commission's single decision to deny an application for a special permit, even if it results in a provider's inability to provide cellular service in a particular area, is not prohibitive within the meaning of the Telecommunications Act. Because there is no evidence that the Commission has a general bias against granting special permits for telecommunications facilities which are similar to that proposed by Cellco, this Court finds that the Commission's denial did not prohibit or have the effect of prohibiting the provision of personal wireless services. Thus, on Count Two of the second amended complaint, we deny Cellco's summary judgment motion and grant the Commission's summary judgment motion.

### C. Unreasonable Discrimination Among Providers of Functionally Equivalent Services

In Count Three of the second amended complaint, Cellco claims that the Commission violated section 332(c)(7)(B)(i)(I) by unreasonably discriminating among providers of functionally equivalent services. Cellco asserts that the Commission approved a special permit for SNET Mobility, Inc., which is a provider of functionally equivalent services and which maintains an existing communications facility in or near the Unionville section of Farmington.

■ As an initial matter, in order for a zoning commission to have unreasonably discriminated among providers of functionally equivalent services, there must be evidence that the commission treated the providers differently. Thus, an applicant must have been subjected to unequal treatment. While unequal treatment is generally established when a commission grants a competitor's application and denies a plaintiff's application, this is not exactly the situation here. Cellco contends only that the Commission discriminated against it in favor of SNET Mobility. Yet, there is evidence that the Commission recently granted plaintiff, under the company name Bell Atlantic NYNEX Mobile, an application to install a telecommunications facility on a water tower in Farmington. Return of Record, Item H, at 2. Notice of the Commission's approval for this second application was published in the Hartford Courant on September 10, 1997, along with notice that the Commission had denied the application at issue in this case. Return of Record, Item J. Based on the Commission's approval of one of Cellco's applications and denial of the other, and the lack of any other evidence to support Cellco's claim of unequal treatment, this Court finds that plaintiff did not receive any unequal treatment. Indeed, the Commission's approval of the water tower application demonstrates that the Commission did not discriminate against Cellco on its second application solely in favor of other providers. Consequently, we do not need to inquire into the reasonableness of the Commission's decision to deny Cellco's application in this case. *See Virginia Beach*, 979 F.Supp. at 425; *Sprint Spectrum L.P. v. Jefferson County*,

**2.** We note that in an earlier case involving the Commission and a different plaintiff, the Town of Farmington had enacted a moratorium which prevented personal wireless service providers from applying for special permits until April 1998. We struck down the moratorium in *Sprint Spectrum L.P. v. Town of Farmington*, Civ. No. 3:97–863, 1997 WL 631104, at *3–5 (D.Conn. Oct.6, 1997). We gather that the moratorium was not applied to Cellco's application at issue in this case.

968 F.Supp. 1457, 1467–68 (N.D.Ala.1997). Because we find that the Commission did not unreasonably discriminate among providers of personal wireless services, we deny Cellco's summary judgment motion and grant the Commission's summary judgment motion on Count Three.

## II. CONNECTICUT STATE LAW

Count Four of the second amended complaint alleges that the Commission's denial of Cellco's application for a special permit was arbitrary and capricious under Connecticut law. Defendant urges this Court to grant summary judgment in its favor because it contends that Cellco did not timely appeal the Commission's decision on state-law grounds. Section 8–8(b), C.G.S.A., provides that any person aggrieved by a zoning board's decision may appeal to superior court within fifteen days from the publication of the notice of the decision.

■■ This Court has supplemental jurisdiction over plaintiff's state-law claim because it is so related to plaintiff's federal claim under the Telecommunications Act that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

■■ For claims brought under the Telecommunications Act, plaintiffs must commence an action in any court of competent jurisdiction within thirty days of a zoning commission's adverse decision. 47 U.S.C. § 332(c)(7)(B)(v). This provision explicitly states that this time-period applies to "any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph." *Id.* (emphasis added). By the plain language of section 332(c)(7)(B)(v), the thirty-day time-period applies only to plaintiff's Telecommunications Act claim and not to its state-law claim. Accordingly, this Court must apply the time limitation of C.G.S.A. § 8–8(b) to Count Four.

Here, notice of the Commission's decision was published in the Hartford Courant on September 10, 1997. Return of Record, Item J. Plaintiff did not commence this action until October 8, 1997, which is more than the statutory fifteen-day period. Thus, Cellco's claim under Connecticut state law is time-barred. *See Bridgeport Bowl–O–Rama, Inc. v. Zoning Bd. of Appeals of Bridgeport,* 195 Conn. 276, 283, 487 A.2d 559, 563 (1985) (holding that a plaintiff's failure to comply with the statutory time-limit of section 8–8 results in a dismissal of the appeal). We therefore deny Cellco's summary judgment motion and grant the Commission's summary judgment motion on Count Four.

## III. SECTION 1983

■■ Finally, in Count Five of the second amended complaint, plaintiff alleges that it was deprived of its federally guaranteed rights in violation of 42 U.S.C. § 1983. In *Smart SMR,* this Court held that a plaintiff could assert a claim under section 1983 based on a zoning commission's violation of the Telecommunications Act. 995 F.Supp. at 60–62; *see Century Cellunet of Southern Michigan, Inc. v. City of Ferrysburg,* 993 F.Supp. 1072, 1076 (W.D.Mich.1997); *Town of Easton,* 982 F.Supp. at 53. To state a claim under section 1983, a plaintiff must prove that the defendant, acting under the color of state law, deprived the plaintiff of a right secured by the Constitution and laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

■■ In *Town of Easton,* the court granted the plaintiff summary judgment on its section 1983 claim after finding that the zoning board of appeals had acted under the color of state law and violated the plaintiff's rights under the Act. 982 F.Supp. at 53. As a local zoning board, the Commission acted under the color of state law when it reviewed Cellco's application for a special permit and site plan approval. *Id.* at 53 n. 4; *see Atkins,* 487 U.S. at 49, 108 S.Ct. 2250 (finding that a person acts under the color of state law if he or she "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'") (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). Also, by violating section 332(c)(7) of the Act, we find that the Commission deprived Cellco of its federally guaranteed rights. Accordingly, we grant Cellco's summary judgment motion and deny

the Commission's summary judgment motion on Count Five.

## IV. REMEDIES

█ Due to the Commission's failure to base its decision on substantial evidence in the written record, this Court concludes that the Commission must issue Cellco a special permit to reconstruct a church steeple, install six antennas within the steeple, and place cellular telephone equipment in a 300 square-foot room in the church basement. We do not find that remand would be appropriate in this case because it would only create further delay. *See Virginia Metronet,* 984 F.Supp. at 977; *Virginia Beach,* 979 F.Supp. at 430–31. The Commission had its opportunity during the July 28 public hearing and its September 8 board meeting to establish evidence in the record supporting its position. Also, unlike the Commission's decision at issue in *Sprint Spectrum L.P. v. Town of Farmington,* Civ. No. 3:97–863, 1997 WL 631104, at *3–5 (D.Conn. Oct.6, 1997) (reprinting the Commission's decision which denied a personal wireless service provider's application for the construction of a 143 foot monopole), the Commission could have provided reasons for its conclusion in its September 10 decision. Consequently, we declare that the Commission's decision of September 10, 1997, which denied Cellco's application for a special permit, is null and void.

█ We also deny plaintiff's request for punitive damages for the Commission's violation of 42 U.S.C. § 1983 because the Supreme Court has held that municipalities are immune from punitive damage awards in section 1983 cases. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

### CONCLUSION

For the foregoing reasons, plaintiff's summary judgment motion (**Document # 17**) is GRANTED on Counts One (Telecommunications Act) and Five (section 1983). We also DENY plaintiff's summary judgment motion on Counts Two, Three (Telecommunications Act), and Four (Connecticut state law). On the Commission's cross-motion (**Document # 20–2**), we GRANT summary judgment on Counts Two, Three, and Four, and we DENY summary judgment on Counts One and Five.

An injunction is hereby entered ordering the Commission to grant Cellco's application for a special permit and site plan approval within twenty (20) days from the date of this opinion. Because Cellco established that the Commission violated section 332(c)(7)(B)(iii) of the Telecommunications Act, the Clerk of the Court is directed to enter judgment in Cellco's favor.

**SO ORDERED.**