OMNIPOINT COMMUNICATIONS, INC., Plaintiff,

v.

**PLANNING & ZONING COMMISSION OF THE TOWN OF WALLINFORD, and Town Of Wallingford, Defendants,**

No. 3:98CV2533 (WWE).

United States District Court, D. Connecticut.

Jan. 4, 2000.

Paul Thomas Tusch, Ronald E. Kowalski, II, Cacace, Tusch & Santagata, Stamford, CT, for Plaintiff.

Adam Mantzaris, Wallingford, CT, Richard J. Buturla, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendants.

EGINTON, Senior District Judge.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Omnipoint Communications, Inc., brings this action against the defendants, Planning & Zoning Commission of the Town of Wallingford ("Commission") and the Town of Wallingford, alleging violations of the Telecommunications Act of 1996, arising out of the denial of the plaintiff's application to erect a wireless communications tower. Omnipoint seeks summary judgment and a writ of mandamus directing the Commission to issue it a permit to construct its wireless facility. For the reasons set forth below, the plaintiff's motion for summary judgment [Doc. #13] will be granted.

### Facts

Plaintiff, Omnipoint, is an FCC approved telecommunications corporation that provides, *inter alia*, personal wireless services within the State of Connecticut. Plaintiff is able to provide its wireless services through the construction and operation of a network of wireless facilities. A wireless facility is a collection of flat panel antennas which are mounted on existing buildings or attached to a monopole or tower. Each facility services a specific area and is strategically placed in proximity to another wireless facility in order to create a seamless telecommunications network. Occasionally, there are gaps in the network. Such gaps prevent customers from initiating communications and may terminate existing communications. The Town of Wallingford, CT, suffers from several gaps in coverage and poor signal quality.

To remedy these gaps, Omnipoint identified the intersection of Woodhouse Avenue and Interstate 91 as the location to construct a wireless facility. The specific location is a one and one half acre parcel of property owned by Junior Achievement of Southern Connecticut, Inc. that is commercially zoned.

On June 11, 1998, Omnipoint submitted an application to the Commission requesting approval for the construction of a wireless facility on the proposed site. On August 24 and October 14, 1998, the Commission held public hearings where Omnipoint presented evidence in support of its application. The Commission also requested an independent Peer Review study of the evidence and information contained in Omnipoint's application as permitted under Wallingford's zoning regulation 6.25.C.5. Subsequently, at a Commission hearing on November 9, 1998, the Peer Review submitted its report which concluded that: (1) the proposed design was reasonable and met all the applicable zoning requirements, and (2) the Sprint tower currently installed cannot support the weight of the Omnipoint antenna array.[1]

Throughout the hearings, Omnipoint presented uncontroverted evidence that: (1) Omnipoint's application complied with all of the proper procedures and zoning regulations of Wallingford in requesting approval of its site plan from the Commission; (2) no existing tower or structure

---

1. The Commission previously approved Sprint Spectrum's application for a wireless telecommunications facility (133 foot monopole) within a residential district in Wallingford. The monopole was constructed soon thereafter.

could accommodate Omnipoint's wireless facility or coverage needs without modification; and (3) the proposed site is located in a commercial district.

By oral motion and vote at the hearing, the Commission denied Omnipoint's application. In a letter dated December 17, 1998, the Commission formally denied Omnipoint's application in writing, giving six reasons for its denial.

## DISCUSSION

Summary judgment pursuant to Fed. R.Civ.P. 56(c) is appropriate if the court finds, after viewing the facts in the light most favorable to the nonmoving party, that there is no genuine issue of material fact pertaining to a given issue and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden is on the moving party to show that no material facts are in dispute. *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). A dispute over a material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). The court's role in considering summary judgment is not to resolve disputed issues, but only to determine the existence of factual issues to be tried. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986).

In the context of a motion for summary judgment, disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law, even if the disputed issues were resolved in favor of the nonmoving party. Such factual disputes, however genuine, are not material, and their presence will not preclude summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Cartier v. Lussier,* 955 F.2d 841, 845 (2d Cir.1992).

Most Telecommunications Act cases are decided by summary judgment because there are generally no factual disputes. *Smart SMR of New York v. Zoning Commission of Stratford,* 9 F.Supp.2d 143, 151 (D.Conn.1998).

Plaintiff argues that the Commission's decision to deny its application for the construction of a wireless facility violates the Telecommunications Act because it was not in writing and was not supported by substantial evidence in a written record. This Court agrees.

### A. Telecommunications Act

■ The purpose of the Telecommunications Act is to increase competition in the telecommunications industry by placing limitations on local zoning commissions' regulation of the placement, construction, and modification of personal wireless service facilities. *Cellco Partnership v. Town Plan & Zoning Commission of the Town of Farmington,* 3 F.Supp.2d 178, 181 (D.Conn.1998). The Act was designed to accelerate private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening the markets to competition. *Paging, Inc. v. Board of Zoning Appeals for County of Montgomery, Montgomery County,* 957 F.Supp. 805, 807 (W.D.Va.1997). The Telecommunications Act states that any denial "shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. 332(c)(7)(B)(iii).

■ Substantial evidence has been construed to mean less than a preponderance, but more than a scintilla, of evidence. *Universal Camera v. National Labor Relations Board,* 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In determining whether the denial was supported by substantial evidence, a court may not engage in its own fact-finding and may not supplant the Town Board's reasonable determinations. *PrimeCo Personal Communications, L.P. v. Village of Fox Lake,* 26

F.Sup.2d 1052, 1063 (N.D.Ill.1998). Substantial evidence is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Dilling Mechanical Contractors, Inc.. v. National Labor Relations Board,* 107 F.3d 521, 524 (7th Cir.1997).

The terms "in writing," and "written" require that local governments issue decisions in written form that state the reasons for a denial, and provide written evidence or a written record to support a local government decision. *Illinois RSA No. 3, Inc. v. County of Peoria,* 963 F.Supp. 732 (C.D.Ill.1997). A local zoning authority must issue a decision in writing setting forth the reasons for the decision and linking its conclusions to evidence in the record. *Cellco Partnership,* 3 F.Supp.2d at 184. "By failing to provide reasons for its decision, the Commission places the burden on this Court to wade through the record below in an attempt to discern the Commission's rationale." *Smart SMR of New York, Inc. v. Zoning Commission of Stratford,* 995 F.Supp. 52, 57 (D.Conn.1998).

When reviewing whether a local zoning authority has satisfied the requirements of the Telecommunications Act, a denial must be considered in light of relevant state statutes and local regulations. *Cellular Telephone Co. v. Oyster Bay,* 166 F.3d 490, 494 (2d Cir.1999).

### B. Connecticut State Law

■ The Zoning Commission is under a mandate to apply the requirements of the regulations as written. Where a submitted plan conforms to these regulations, the Commission has no discretion or choice but to approve it. *RK Development Corporation v. Norwalk,* 156 Conn. 369, 375–76, 242 A.2d 781 (1968). The Commission acts in a ministerial capacity when ruling upon a site plan application, rather than in a quasi-judicial or legislative capacity. It has no independent discretion beyond determining whether the plan complies with the applicable regulations. *Kosinski v.*

*Lawlor,* 177 Conn. 420, 426–27, 418 A.2d 66 (1979).

The test on appeal of a site plan denial is whether the Commission's denial of the site plan is reasonably supported by the evidence in the record. *Housatonic Terminal Corp. v. Planning & Zoning Board of the City of Milford,* 168 Conn. 304, 306, 362 A.2d 1375 (1975).

■ The Court will review the record and examine each of the six reasons the Zoning Commission cited for denying Omnipoint's application in light of the applicable zoning regulations of the Town of Wallingford, in order to determine whether such reasons comply with the Telecommunications Act.

### 1. Reasons for Denial: One and Two

The December 17, 1998, certified letter officially denying Omnipoint's application was written by Thomas Talbot, Assistant Town Planner, on behalf of the Zoning Commission. The first and second reasons for denial state that:

> 1. Sec. 6.25.A of the Telecommunications Facilities Regulations which states, "The intent of this section is to permit the location of wireless telecommunications within the Town of Wallingford while protecting neighborhoods and minimizing the adverse visual and operational effects of towers ..." *I feel the applicant has not demonstrated that.*
> 2. Sec. 6.25.B. preference to Sec. 6.25.C.4.e. "In addition, all applications for new towers shall include a site plan showing the design of the tower with particular reference to design characteristics that have the effect of reducing or eliminating visual obtrusiveness." *I again feel the applicant has not demonstrated that.*

"The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values,

or the general harmony of the district." *Beit Havurah v. Zoning Board of Appeals,* 177 Conn. 440, 443, 418 A.2d 82 (1979). Zoning Regulations 4.5 and 6.25 permit the location of wireless telecommunications facilities in commercial zoning districts subject to site plan approval. Therefore, the Commission may not deny the application on grounds of "visual obtrusiveness" because the towers are presumed not to affect the visual aesthetics of its proposed location.

Furthermore, the Court is unable to find any instance where Omnipoint has not complied with regulations which would have the effect of lessening the "visual obtrusiveness" of the wireless facility. The record is replete with suggestions and propositions by Omnipoint to make the tower less obtrusive and examples of Omnipoint following the procedures and rules set forth in Wallingford's zoning regulations. At the hearings, omnipoint included a landscaping plan that demonstrated that existing trees and brush would camouflage the tower, and that omnipoint would provide additional screening and landscaping as required by the Commission. Omnipoint also presented evidence that the tower would be constructed with a non-glare galvanized finish and not have any lights or illuminations. Omnipoint made several efforts to reduce the "visual obtrusiveness" of the wireless facility, and there is no evidence that Omnipoint was unwilling to conform the site in any possible manner.

The Commission's denial of Omnipoint's application, without giving objective reasons of failure of the site plan to reduce "visual obtrusiveness," and without specifying how Omnipoint failed to provide a site plan that would decrease the adverse visual and operational effects of the location of the tower, violates the Telecommunications Act's requirement that a local zoning commission support its decision with substantial evidence. The Commission's decision as to reasons one and two provide an insufficient basis for denial of the site plan application.

2. Reason for Denial: Number Three.

The Commission's third reason for denial states that:

6.25.D.5.c. "No new tower shall be permitted unless the applicant demonstrates to a reasonable satisfaction of the Commission that no existing tower or structure can or will accommodate the applicant's proposed antenna." *I believe our peer review has cited that the Sprint tower, as currently installed, cannot support the weight of the Omnipoint antenna array. The Commission did not explore requiring modifications to the Sprint tower.*

The Court finds the Commission's third reason for denial ambiguous and confusing because it appears to support an approval of Omnipoint's application rather than a denial. Section 6.25.D.5.c of the zoning regulations requires an applicant to demonstrate that no existing tower or structure can accommodate the proposed antenna. In its reason for denial, the Commission implies that Omnipoint has satisfied its requirement under the zoning regulations, in that it finds that the existing Sprint tower cannot accommodate Omnipoint's antenna array. The Commission's statement that there is no existing tower which can accommodate the proposed antenna array supports the approval of Omnipoint's application and therefore cannot be a basis for denial under the Telecommunications Act.

The Court notes the Commission's last sentence, which reads: "The Commission did not explore requiring modifications to the Sprint tower." The Court finds this sentence ambiguous. To the extent that this sentence may indicate that the Commission denied Omnipoint's application on the ground that it did not explore the modification of existing structures, the Court finds that such reason is beyond the scope of the zoning regulations and an abuse of discretion.

Regulation 6.25.D.5.c requires applicants to look to existing towers or structures. It does not require applicants to look into the modification of existing structures. In *Norwich v. Norwalk Wilbert Vault Co.,* 208 Conn. 1; 544 A.2d 152 (1988), the Connecticut Supreme Court affirmed the trial court's granting of a site plan certification and stated that the Zoning Commission abused its discretion by denying the plaintiff's site plan on considerations not contained in the provisions of the local zoning regulations. *See also TLC Development, Inc. v. Planning & Zoning Commission of the Town of Branford,* 215 Conn. 527, 577 A.2d 288 (1990). If the denial of Omnipoint's application rests upon a failure of the Commission to explore a modification of the Sprint tower, that would be an abuse of discretion because the regulations do not mandate that an applicant explore modification of existing towers or structures as part of its site plan application.

Moreover, Wallingford's zoning regulation 6.25.D.4 only requires towers to be able to handle antenna arrays of two additional carriers. All of the available positions on the Sprint pole have already been committed to Bell Atlantic and Springwich cellular. Even if the regulations required Omnipoint to modify the Sprint tower to accommodate the weight of its antenna array, there is no evidence that there is any available space on the tower.

### 3. Reason for Denial: Number Four

The Commission states that its fourth reason for denial was:

> Based upon information and conclusions from our peer review and also questions on house locations within 500 feet of the proposed tower. ·

A general reference to information contained in the peer review study without setting forth specific grounds for the denial is insufficient under the Telecommunications Act. *See Smart SMR,* 995 F.Supp. at 57. The Commission has not specified what "information" contained in the report supports its denial, or what information lacking from the report supports its denial.

Contrary to the Commission's bald conclusion, the Court finds that there is no evidence that the Peer Review report does not support Omnipoint's construction of the proposed facility. The Peer Review concluded that (1) the proposed design was reasonable and met all the applicable zoning requirements, and (2) the Sprint tower currently installed cannot support the weight of the Omnipoint antenna array. These findings do not support the Commission's denial of Omnipoint's application under the Telecommunications Act.

With regard to the Commission's reference to house locations within 500 feet of the tower, there is also no evidence that the proposed tower will be located less than 500 feet away from any foundations. Contrary to the Commission's assertion, Omnipoint presented maps and other uncontroverted evidence which demonstrated that the proposed location of the tower will be greater than 500 feet from any residential foundation as required by Wallingford's zoning regulation 6.25.g.1. The Commission's fourth reason does not meet the requirements of the Telecommunications Act.

### 4. Reason for Denial: Number Five

The Commission cites, *"lack of proper information on the maps as submitted,"* as its fifth reason for denial. Again, the Commission has failed to properly support its reasons for denial in writing and based on substantial evidence contained in the record. The Commission fails to specify what information is lacking on any of the maps presented by Omnipoint in its site plan application. Furthermore, the Commission has not referred to any evidence that questions or casts doubt on the validity of Omnipoint's maps. The Court is unable to determine that any information is missing, that there is any evidence refuting the information contained on any of the maps, or that the maps do not comply with the regulations in any way. There-

fore, with respect to the fifth reason for denial, the Commission has not met its statutory burden of supporting its decision on "substantial evidence."

5. Reason for Denial: Number Six

The Commission's sixth and final reason for denial states that:

The unsuitableness of this facility within the existing neighborhood because it was correctly cited by the applicant that this is a spot commercial property surrounded by residential and *I don't feel it would be appropriate for the neighborhood.*

In reason six, the Commission does not give any objective criteria or refer to any evidence that supports its "feelings" that the wireless facility would be inappropriate at the requested site, or that Omnipoint has not demonstrated compliance with the general purpose of the regulations. After reviewing the record below, the Court is unable to determine the rationale that led to this reason, and accordingly, finds that it is arbitrary and unfounded. *See Smart SMR*, 995 F.Supp. 52.

The Court has previously determined that Omnipoint's proposed site is presumed not to have an ill effect on the area because regulations permit the wireless facilities in a commercial district. *See Beit Havurah*, 177 Conn. at 443, 418 A.2d 82. Therefore, the Commission's feelings of inappropriateness are not valid reasons to deny a site plan application where the applicant has complied with all of Wallingford's zoning regulations.

### Conclusion

The Court finds that the Commission violated the Telecommunications Act when it failed to issue a decision in writing supported by substantial evidence in the written record. Consequently, Omnipoint's Motion for Summary Judgment [Doc. # 13] is GRANTED, and the Commission's conclusion and denial of Omnipoint's application is null and void.

In view of the violation, the Court concludes that the appropriate relief is an injunction directing the Town of Wallingford to approve Omnipoint's application and issue the requested permit. *See Illinois RSA No.* 3, 963 F.Supp. at 744. The Court further finds that remand would not be appropriate as that would create further delay especially in light of the multiple hearings that have already spanned many months during the Commission's investigation of the site plan application. *Cellco Partnership*, 3 F.Supp.2d at 187.

The Planning & Zoning Commission of the Town of Wallingford and the Town of Wallingford are hereby ordered to approve Omnipoint's site plan application and to issue it a zoning permit.

A violation of the Telecommunications Act is also a violation of the Civil Rights Act. *Smart SMR*, 995 F.Supp. at 60–62. Therefore, the plaintiff is entitled to reasonable attorneys fees. *Cellco Partnership*, 3 F.Sup.2d at 186–87. The Court directs the Plaintiff's counsel to submit a summary of applicable billable hours, an affidavit as to the amount of billable hours and the reasonable market rate for attorneys fees, and an affidavit from another attorney with a similar practice who will aver to the requested billable rate.

So Ordered.