**OMNIPOINT COMMUNICATIONS, INC., Plaintiff,**

v.

**PLANNING & ZONING COMMISSION OF THE TOWN OF WALLINGFORD, and Town of Wallingford, Defendants.**

**No. 3:98CV2533 (WWE).**

United States District Court, D. Connecticut.

March 23, 2000.

Paul Thomas Tusch, Ronald E. Kowalski, II, Cacace, Tusch & Santagata, Stamford, CT, for plaintiff.

Adam Mantzaris, Wallingford, CT, Richard J. Buturla, Berchem, Moses & DEvlin, P.C., Milford, CT, for defendants.

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

EGINTON, Senior District Judge.

On January 4, 2000, this Court granted summary judgment in favor of the plaintiff Omnipoint when it found that the Planning and Zoning Commission of the Town of Wallingford violated 42 U.S.C. sec.1983 by depriving the plaintiff of its federally guaranteed rights under section 332(c) of the Telecommunications Act. *See Omnipoint Communications, Inc. v. Planning & Zoning Commission of the Town of Wallingford, et al.,* 2000 WL 87316 (D.Conn.2000)

Pursuant to Fed.R.Civ.P 54(d) and 42 U.S.C. sec.1988, Omnipoint Communications, Inc. has filed an application for attorneys' fees and costs in the amount of $51,229.10.[1] For the following reasons, the Court will award fees and costs in the amount of $ 38,652.03, which includes $ 38,360 of attorneys' fees and $292.03 in expenses and costs.

### DISCUSSION

The Civil Rights Attorney's fees Awards Act gives a district court discretion to award reasonable attorney's fees to a prevailing party in a proceeding brought pursuant to sec.1983. 42 U.S.C.1988. A prevailing party establishes eligibility for a fee award, and not his entitlement. *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748 (2d. Cir.1998). It is undisputed that Omnipoint is the prevailing party. The issue for this Court is whether the requested fees are reasonable.

Courts calculate an attorney's fee by multiplying a reasonable hourly billing rate by the number of hours reasonably expended on the case. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The resulting amount is known as the lodestar. *Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir.1997). The applicant bears the burden of demonstrating the reasonableness of the amount of time expended at the applicant's hourly rate. *Patrick G. v. City of Chicago Sch. Dist. No. 299, Cook County, Illinois,* 1994 WL 715590 (N.D.Ill.1994). Such reasonableness must be demonstrated by time records that specify dates, hours and nature of work done in the case. *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1140 (2d Cir.1983).

1. Plaintiff seeks $49,580 in attorneys' fees and $1,649.10 in expenses and costs.

If adequate records are not provided, a court will not award the amount requested. *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir. 1987).

Omnipoint filed its complaint against the Zoning Commission on December 30, 1998. On April 15, only four months later, it moved for summary judgment.

Plaintiff represents that its counsel spent over 397 hours litigating Omnipoint's complaint, resulting in $49,580 in legal fees. The specific breakdown of the amount of time each attorney spent on this case along with a requested hourly rate is as follows:

| | | |
|---|---|---|
| Paul Tusch, Partner | 82.5 | hours at $250/hour |
| Michael J. Cacace, Partner | .5 | hours at $300 per/hour |
| Mark Santagata, Associate | 26.8 | hours at $200/hour |
| Ronald Kowalski, Associate | 93.3 | hours at $150/hour |
| Demaris Page Hetrick, Associate | 194.5 | hours at $100/hour 2 |
| Total | 397.6 | hours |

### A. Reasonable Hourly Rates

When calculating the lodestar, a court should use the reasonable hourly rates prevailing in the community where the district court sits. *Cruz v. Local Union Number 3 of Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir.1994).

Based on this Court's extensive experience and knowledge of rates within the western Fairfield County area, in close proximity to New York, in the early part of 1999, this Court finds the billing rates to be reasonable.

### B. Reasonable Time Spent

In calculating the lodestar a court should also consider the reasonableness of the requested hours. *LeBlanc–Sternberg,* 143 F.3d at 763. "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir.1994). A court may exclude hours which it deems unreasonable, excessive or duplicative. *Smart SMR of New York, Inc., v. Zoning Com'n of Town of Stratford,* 9 F.Supp.2d 143, 150 (D.Conn.1998).

After a careful review of the billing records, this Court calculates that counsel claims to have spent over 200 hours preparing the plaintiff's motion for summary judgment, over 50 hours preparing the complaint and over 100 hours for scheduling, meetings and telephone conferences. This Court finds such expenditure of time to be excessive. The Court notes that plaintiff moved for summary judgment only four months after it filed the complaint, there were no requests for extensions of time, the Court held only one status conference, and there were no discovery disputes. *See Smart,* 9 F.Supp 2d at 151 (finding 45.7 hours for preparing a complaint and 80.7 hours preparing the summary judgment to be an excessive amount of time in a Telecommunication's Act case decided on summary judgment, where the motion was filed three months from the filing of the complaint, parties requested only one extension of time, and the court did not hold any conferences with the parties.) [3].

In approaching the reasonable allocation of time, the Court will first apply its own experience and logic to the 100 hour duplication acknowledged by plaintiff's counsel. The duplication problem occurred for the most part on the associate level. Absent

---

**2.** Plaintiff concedes that 100 hours of the total 397 were duplicative, but without elaboration, reduced Attorney Hetrick's hours to 94.5 hours. Counsel failed to specify which hours in the billing were duplicative to substantiate that all duplicative work was performed by Attorney Hetrick at the lowest rate of $100 per hour. Therefore, when the Court considers the allocation of time actually spent, it will work from a total of 297.6 hours, and will ignore plaintiff's unsupported allocation of the reduction.

**3.** In *Smart,* the court also stated that: "While the Telecommunications Act is relatively new, cases arising under it generally are neither legally nor factually complex, and therefore, do not justify an inordinate amount of time...." 9 F.Supp.2d at 151.

any documentation, the Court will reduce Attorney Kowalski's hours by 67 and Attorney Hetrick's hours by 33, adhering to the proportional figures submitted. The Court will then apply an across the board reduction of 20% to all hours except Cacace's, resulting in the following total hours. (*See Luciano*, 109 F.3d at 117 (approving a blanket reduction)):

| Attorney | Hours Spent | 20% Reduction | Reduced Hours |
|---|---|---|---|
| P. Tusch | 82.5 | 20% Reduction | 66 |
| M. Cacace | .5 | No Reduction | .5 |
| M. Santagata | 26.8 | 20% Reduction | 21.4 |
| R. Kowalski | 93.3 (60.3) | 20% Reduction | 48.2 |
| D. Hetrick | 194.5 (127.5) | 20% Reduction | 102 |
| | | Total | 238.1 |

## C. Costs

 In addition to reasonable fees, the prevailing party may be entitled to recover expenses incurred during the litigation. *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir.1989). Duplicating, postage and telephone costs are generally not recoverable because they are associated with an attorney's routine overhead costs. *LeBlanc–Sternberg*, 143 F.3d at 758. Computerized legal research fees and express mail service are unrecoverable costs. Local Rule 17.

Of the $1,649.10 of claimed expenses, the Court finds that the majority of the them are unrecoverable copying costs, computerized legal research fees and telephone costs. Only $292.03 is recoverable.[4]

## CONCLUSION

For the reasons set forth above, the Court awards the plaintiff fees and costs in the amount of $ 38,652.03.[5]

Plaintiff's counsel is ordered to supply the Court with proof that plaintiff Omni-

---

4. The recoverable costs include:
   Service of Process fee: $190.40; Videotaping: $55.00; Audio taping: $ 38.16; Recording Tape: $8.47

5. The Courts calculates the total award as follows:

point has been properly notified with the decision of this Court.

So ordered this 20th day of March, 2000, at Bridgeport, Connecticut.